# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL R. MOORE d/b/a MOORE DESIGN GROUP, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:15-CV-00191-JAR |
| v. | ) ) ) | |
| MULTIMEDIA KSDK, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Bill of Costs (Doc. No. 38) and Plaintiff's Motion for Attorney Fees (Doc. No. 39). Both motions are fully briefed and ready for disposition.

On October 5, 2015, pursuant to an offer of judgment made by Defendant and accepted by Plaintiff, this Court entered judgment in the amount of $30,001.00 and a permanent injunction. The offer of judgment (and the Court's subsequent order) acknowledged Plaintiff's right to seek an award of attorneys' fees. Plaintiff has moved for $120,938.00 in attorneys' fees and $1,856.94 in costs.

As the prevailing party in a copyright action, Plaintiff is entitled to his reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505, which provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Attorneys' fees are routinely awarded to prevailing parties under the Copyright Act to encourage the prosecution of copyright infringement actions. <u>Casey v. Gentry</u>, 1989 WL

128266, at *5 (W.D. Mo. July 10, 1989) (citing Micromanipulator Co., Inc. v. Bough, 779 F.2d 255, 259 (5th Cir. 1985)). "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised . . ." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994) (internal quotation marks and citation omitted). In determining whether to award attorneys' fees, this Court considers a number of factors including "frivolousness, motivation, objective reasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Pinkham v. Camex, Inc., 84 F.3d 292, 294 (8th Cir. 1996) (quoting Fogerty, 510 U.S. 517 at 535 n.19) (internal quotation marks omitted).

Plaintiff argues that the relatively large fee amount requested is justified because "[t]his case epitomizes the policy considerations behind the enactment of the Copyright Act's fee shifting provision, which is to encourage a copyright owner to bring meritorious lawsuits even when the fees will likely outweigh actual damages." (Doc. No. 40 at 2.) Plaintiff highlights that a similar infringement issue in 2009 failed to curb Defendant's use of Plaintiff's photographs, and submits that Defendant did not implement training or take other measures to curtail infringing activity. Plaintiff further argues that the dispute progressed for eleven months based on Defendant's intransigence, and that Plaintiff accepted the first reasonable offer that was made. He suggests that Defendant's decision to contest the basic facts of the case resulted in an unnecessarily lengthy litigation process, including numerous formal communications between counsel and discovery comprising multiple depositions.

In response, Defendant argues that courts often award damages trebling the plaintiff's licensing fee in copyright cases, which amount Defendant estimates at $2,400 in the instant matter. However, Plaintiff's initial demands were for $125,000 (before suit was filed) and $200,000 (after suit was filed). Thus, Defendant suggests that Plaintiff sought a windfall rather than a practical solution to his lawsuit, and his attorneys' fees should be considered accordingly. Defendant further notes that it made a substantial offer ($25,000) before any discovery had occurred. (Doc. No. 43 at 1.) Defendant also emphasizes that Plaintiff incurred significant fees by immediately filing a motion for partial summary judgment after he filed his Complaint, which Defendant moved to defer under Rule 56(d), as discovery had not been initiated at the time of the motion. Plaintiff then incurred substantial fees in opposing Defendant's motion. (Doc. No. 43 at 8-9.) Moreover, Defendant argues that Plaintiff proceeded with costly depositions even after Defendant made its offer of judgment, a maneuver undertaken solely (according to Defendant) to drive up Plaintiff's attorneys' fees. Id. at 6.

Based on the factors set out above, the Court concludes that Plaintiff is entitled to an award of his reasonable attorneys' fees. The Court is persuaded that attorneys' fees are particularly deserved here because this is Defendant's second violation with regard to this Plaintiff's copyrighted material. The Court is mindful of the purpose of the statute and especially its fee-shifting provision, which exists in part to ensure that plaintiffs are able to bring copyright infringement cases even where the actual damages recovered may be minimal. For all of these reasons, the Court will make an award of attorneys' fees.

Generally, courts employ the lodestar method to determine the amount of reasonable attorneys' fees. See Pinkham, 84 F.3d at 294 ("We conclude that the copyright statute provides for 'reasonable' fees based on a lodestar figure represented by the reasonable hourly rate

multiplied by the hours expended in the litigation; the actual fee arrangement between the client and the attorney is immaterial.") However, the Court has thoroughly reviewed the billing records submitted by Plaintiff's counsel (Doc. No. 40-9), and declines to award the full amount of fees as calculated. Instead, the Court finds the full amount requested by Plaintiff is unreasonable. As Defendant highlights, Plaintiff incurred significant fees through aggressive and procedurally problematic motion practice even after a $25,000 offer had been made, but would go on to accept an offer of judgment only slightly greater in value. Even though the accepted offer did include additional elements, including a stipulated permanent injunction, the Court nonetheless finds Plaintiff's litigation strategy was not necessary to the speedy resolution of this case, and the fees incurred in employing such an aggressive strategy were unreasonable.

Additionally, the Court is persuaded by Defendant's argument that much of the work undertaken following Defendant's offer of judgment, such as deposing two witnesses, was unnecessary, and the fees generated therefrom were unreasonable. This does not preclude an award for necessary fees accumulated following the offer of judgment; but, the Court agrees that unnecessary work undertaken by Plaintiff's counsel following Defendant's offer of judgment should not be compensated.

Thus, the Court will reduce the award of attorneys' fees so as to approximate the fees as reflected by the lodestar method, less amounts incurred for unnecessary and aggressive motion practice and for needless work undertaken following Defendant's offer of judgment. Again, the Court has thoroughly analyzed the billing records submitted by Plaintiff's counsel (Doc. No. 40-9). These records indicate that Plaintiff incurred a total of $31,204 in filing and defending his

4

Motion for Partial Summary Judgment.[1] They also indicate that Plaintiff incurred some $39,786.50[2] in fees following Defendant's offer of judgment (including $16,074.50 for work the Court deems unnecessary, such as depositions that took place after the offer of judgment had been made). Roughly $23,712 of these fees were for the preparation and briefing of the instant motion for an award of attorneys' fees—an amount the Court finds to be exorbitant and objectively unreasonable given the straightforward nature of this case and the instant request. Therefore, the Court will deduct from Plaintiff's total incurred fees ($120,938) amounts of $31,204 (the total billed for Plaintiff's motion for partial summary judgment), $16,074.50 (the total billed for unnecessary legal work performed following the offer of judgment, such as depositions), and $11,856 (50% of the amount billed for the preparation of the instant motion).

In sum, the Court determines Plaintiff's reasonable attorneys' fees to be $61,803.50. The Court will also award the full costs incurred in this action. The Court finds this award to be fair and reasonable in light of all relevant factors.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs are awarded attorney fees in the amount of $61,803.50, and costs of $1,856.94, for a total award of $63,660.44.

Dated this 9th day of February, 2016.

Hon. John A. Ross
United States District Judge

---

[1] The figures arrived at by the Court differ slightly from the figures suggested in Defendant's briefing, but the Court will rely on its own, independently conducted analysis of Plaintiff's counsel's billing records. The Court carefully scrutinized each billing entry to determine (1) the fees resulting from the motion practice at issue, and (2) unnecessary fees incurred after the offer of judgment was made.

[2] The Court includes in this figure $4,000 anticipated by Plaintiff's counsel for reply briefing on the instant motion. (Doc. No. 39 at 2.)